## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRUSTLAYER, INC.

        Plaintiff,

-against-

 

TRUSTPILOT A/S and
TRUSTPILOT INC.,
        Defendants.

----------------------------------------------

Case No.:

**COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR
COMPETITION**

**JURY TRIAL DEMANDED**

Plaintiff TRUSTLAYER, INC. ("Plaintiff"), by and through its attorneys, Older Lundy Koch & Martino, for its Complaint against defendants TRUSTPILOT A/S and TRUSTPILOT INC. (collectively referred to as "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### NATURE OF THE ACTION

1.    This is an action for infringement of Plaintiff's federally-registered trademark TRUSTLAYER under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and related claims of trademark infringement and unfair competition under the common law all arising from the

Defendants' unauthorized use of the mark TRUSTLAYER in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendants' software platform and services.

2.     This is a case of deliberate trademark infringement where Defendants knowingly adopted and filed a federal trademark application for a mark identical to Plaintiff's registered trademark—not merely similar, but letter-for-letter identical— more than four years after Plaintiff's federal registration provided nationwide constructive notice of Plaintiff's exclusive rights.

3.     Plaintiff seeks both injunctive and monetary damages including enhanced damages for Defendants' willful conduct.

## JURISDICTION AND VENUE

4.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because those claims are so relate to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     This Court has personal jurisdiction over the Defendants because (i) they operate, conduct, engage in and are carrying on a business or business venture in the State of Florida; (ii) have transacted business within the State of Florida on a

regular and consistent basis; and (iii) have infringed Plaintiff's trademarks within the State of Florida.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2)-(3) and (c)(2)-(3).

## PARTIES

7.      Plaintiff is a corporation that is incorporated in Delaware and has its principal place of business located at 802 Whiting St. Tampa, Florida 33602.

8.      Upon information and belief, Defendant Trustpilot A/S is a stock company formed under the laws of Denmark and has a principal place of business located at Pilestræde 58, 5th floor, 1112 Copenhagen K, Denmark.

9.      Upon information and belief, Defendant Trustpilot Inc. is a corporation formed under the laws of Delaware and has a principal place of business at 50 West 23rd Street, Suite 1000, New York, NY 10010.

**FACTS**

**Plaintiff and Its TRUSTLAYER Mark**

10.    Plaintiff provides its clients with a vendor risk management and Insurtech platform (the "Platform") that automates the analysis and verification of insurance, licenses, and other compliance documents for businesses. Plaintiff provides a variety of services through their Platform, including but not limited to business risk assessment services, business/vendor management services, tracking and monitoring insurance compliance services, telephone messaging services, education services and legal and regulatory compliance auditing services.

11.    Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6,040,697 on the Principal Register in the United States Patent and Trademark Office for the trademark TRUSTLAYER (the "'697 Registration") for "internet-based certificate service provider, namely, administering and validating digital certificates and digitized paper certificates of others."   The '697 Registration was registered on April 28, 2020. A true and correct copy of the registration certificate of the '697 Registration is attached hereto as **Exhibit A.**

12.    The '697 Registration is incontestable under 15 U.S.C. §1065; the USPTO acknowledged Plaintiff's §15 declaration on September 5, 2025.

13.    Plaintiff is also the owner of the pending United States Trademark Application No. 99444443 for the trademark TRUSTLAYER (the "'443

4

Application") for software and services related to the Platform. A true and correct copy of the registration certificate of the '443 Application is attached hereto as **Exhibit B**. The '443 Application was filed on October 15, 2025.

14.    The '697 Registration and the '443 Application together with the underlying common law rights that they represent are hereinafter referred to collectively as the "TRUSTLAYER Mark". The goods and services outlined in the '697 Mark and the '443 Application are hereinafter referred to collectively as the "TRUSTLAYER Product and Services".

15.    Plaintiff has used the TRUSTLAYER Mark in commerce throughout the United States continuously since at least as early as August 15, 2018, in connection with the offering for sale, sale, marketing, advertising, and promotion of the TRUSTLAYER Product and Services. Attached hereto as **Composite Exhibit C** is a copy of a representative sample of Plaintiff's website https://www.trustlayer.io/ (last visited October 14, 2025) showing Plaintiff's use of the TRUSTLAYER Mark in connection with the TRUSTLAYER Product and Services.

16.    As a result of its widespread, continuous, and exclusive use of the TRUSTLAYER Mark to identify the TRUSTLAYER Product and Services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the TRUSTLAYER Mark.

5

17.    Plaintiff's TRUSTLAYER Mark is distinctive to both the consuming public and Plaintiff's trade and Product and Services that bear the mark.

18.    Through extensive and continuous use since 2018, Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the TRUSTLAYER Product and Services sold under the TRUSTLAYER Mark in interstate commerce including through Plaintiff's website, social media advertising, Google Ads, and B2B software marketplaces.

19.    The TRUSTLAYER Mark has acquired distinctiveness through its continuous widespread and favorable public acceptance and recognition and become an asset of substantial value as a symbol of Plaintiff, its quality products and services, and its goodwill. The consuming public recognizes the TRUSTLAYER Mark and associates it with Plaintiff.

20.    The TRUSTLAYER Mark is inherently distinctive as applied to Plaintiff's Product and Services that bear the mark.

21.    Plaintiff has not assigned or licensed the TRUSTLAYER Mark to anyone, including the Defendants.

### Defendants' Unlawful Activities

22.    Despite Plaintiff's prior federal registration and at least six years of continuous prior use, Defendants adopted and began using the mark

6

TRUSTLAYER—identical to Plaintiff's mark—for their business data analytics and review platform services.

23.    Upon information and belief, Defendants provide a customer review and feedback platform that businesses use to collect and display customer reviews and ratings.

24.    Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its TRUSTLAYER Mark, Defendants adopted and began using the mark TRUSTLAYER (hereinafter, the "Infringing Mark") in US commerce.

25.    The Infringing Mark adopted and used by Defendants is confusingly similar to Plaintiff's TRUSTLAYER Mark.

26.    The Infringing Mark, TRUSTLAYER, and Plaintiff's TRUSTLAYER Mark are identical in appearance, sound, and meaning.

27.    Upon information and belief, Defendants have been engaged in the advertising, promotion, offering for sale, and sale of their platform using the Infringing Mark throughout the US. Attached hereto as **Exhibit D** are true and correct representative copies of Defendants' website showing Defendants' use of the Infringing Mark.

28.    On December 19, 2024—more than four years after Plaintiff's '697 Mark was registered and provided nationwide constructive notice under 15 U.S.C. §

7

1072—Defendant Trustpilot A/S filed the intent to use U.S. Trademark Application No. 98/913,897 seeking to register the identical mark TRUSTLAYER (the "'897 Application").

29.    The '897 Application seeks registration in Classes 9, 35, 38, and 42 for software and services all related to "managing and analyzing consumer review data, business performance data and user-generated reviews." A copy of the '897 Application showing a full description of their alleged goods and services is attached as **Exhibit E**. (Defendant Trustpilot A/S's products and services as described in **Exhibit E** are hereinafter referred to as "Defendants' Services").

30.    Any competent trademark clearance search—which is standard practice before filing a federal trademark application—would have immediately revealed Plaintiff's prior registration for the identical mark.

31.    Upon information and belief, Defendants either conducted such a search and proceeded despite knowledge of Plaintiff's rights or willfully blinded themselves to Plaintiff's rights by failing to conduct appropriate due diligence.

32.    Upon information and belief, Defendant Trustpilot A/S has licensed the Infringing Mark to Trustpilot Inc. for exclusive use in the United States.

33.    Defendants' Services marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical to the types of services sold by Plaintiff under the TRUSTLAYER Mark.

8

34.    Upon information and belief, Defendants have marketed, advertised, promoted, offered for sale, and sold Defendants' Services under the Infringing Mark through their website, https://business.trustpilot.com/datasolutions (last viewed on October 14, 2025), social media, Google and B2B software marketplaces.

35.    Defendants have had full knowledge of Plaintiff's prior use and ownership of the TRUSTLAYER Mark, including its exclusive use to license the mark and the goodwill associated therewith.

36.    On April 29, 2025, Plaintiff requested in writing that Defendant Trustpilot A/S cease and desist from its infringing actions, but Defendants have failed to comply with those requests.

37.    Defendants continue to willfully infringe the TRUSTLAYER Mark by continuing to advertise, offer for sale, and sell services in commerce under the Infringing Mark without Plaintiff's consent and further, Defendants have willfully engaged in unfair competition with its advertisement, offering for sale, and sale of services in commerce under its trademark, thus causing irreparable damage to Plaintiff.

38.    Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source, affiliation, or origin of the Defendants' Services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that

Defendants' Services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

39.     Plaintiff has no control over the quality of products and/or services sold by Defendants and because of the source confusion caused by Defendants, Plaintiff has lost control over its valuable goodwill.

40.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's TRUSTLAYER Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's TRUSTLAYER Product and Services to the Defendants.

41.     The timeline of Defendants' conduct demonstrates this willful infringement:

a. August 15, 2018: Plaintiff begins use of TRUSTLAYER Mark

b. April 28, 2020: Plaintiff's federal registration issues, providing constructive notice of ownership of the TRUSTLAYER Mark.

c. December 19, 2024: Defendants file a trademark application for the identical Infringing Mark.

d. April 29, 2025: Plaintiff sends a cease-and-desist letter to Defendants, notifying them of their blatant trademark infringement.

e. Present: Defendants continue to infringe the Plaintiff's TRUSTLAYER Mark.

10

42.    Plaintiff is aware of numerous instances of actual confusion, having been contacted by third parties confusing the Plaintiff with the Defendants based on Defendants' use of Defendants' Mark.

43.    As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

44.    Defendants will continue to infringe the TRUSTLAYER Mark unless enjoined by this Court.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C § 1114)

45.    Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

46.    Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' Services, and is likely to cause consumers to believe, contrary to fact, that Defendants' Services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

11

47.    Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the TRUSTLAYER Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

48.    Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

49.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

50.    Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

51.    Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' Services, and is likely to cause consumers to believe,

contrary to fact, that Defendants' Services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

52.    Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

53.    Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

54.    Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

56.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT

57.    Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

58.    Plaintiff owns all right, title, and interest in and to the TRUSTLAYER Mark as aforesaid, including all common law rights in such mark in the State of Florida and throughout the United States.

59.    The Defendants' misappropriation of Plaintiff's common law trademarks was intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its trademarks. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

60.    Defendants' unauthorized use of the Infringing Mark has caused and is likely to cause confusion as to the source of Defendants' products due to the Infringing Mark appearing identical, substantially indistinguishable, or confusingly similar to the TRUSTLAYER Mark, all to the detriment of Plaintiff.

61.    Defendants' acts are willful, deliberate, and intended to confuse the public and injure Plaintiff.

62.    Defendants' acts constitute unfair competition under Florida common law.

63.    Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiffs' brand, business, and goodwill as represented by the TRUSTLAYER Mark unless enjoined by this Court. Plaintiff has no adequate remedy at law.

64.    Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendants' profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

65.    Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

66.    Plaintiff owns all right, title and interest in and to the TRUSTLAYER Mark.

67.    Consumers identify the TRUSTLAYER Mark exclusively with Plaintiff.

68.    Defendants' infringement of the TRUSTLAYER Mark constitutes unfair competition in violation of the common law of the state of Florida.

15

69. Defendants are competitors of Plaintiff and have copied the TRUSTLAYER Mark to exploit Plaintiff's reputation in the market.

70. Defendants' infringing acts were intended to capitalize on Plaintiff's goodwill associated therewith for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources, and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the TRUSTLAYER Mark. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

71. Defendants' use of the Infringing Mark is calculated to and is likely to create confusion and to deceive and mislead consumers into believing that Defendants' products and services originate with or are authorized by Plaintiff and is likely to cause confusion as to the source of Defendants' products and services, all to the detriment of Plaintiff.

72. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused.

73. Defendants committed the acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

74. The acts of Defendants have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

75. As a direct and proximate result of Defendants' actions as stated herein, Plaintiff has suffered damage to the goodwill of the TRUSTLAYER Mark.

76. Plaintiff is entitled to exemplary damages as a result of Defendants' malicious actions as described above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendants have violated common law unfair competition and trademark infringement under Florida law.

3. Granting an injunction preliminarily and permanently enjoining the Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote any goods or services

bearing the mark TRUSTLAYER or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TRUSTLAYER Mark;

b. engaging in any activity that infringes Plaintiff's rights in its TRUSTLAYER Mark;

c. engaging in any activity constituting unfair competition with Plaintiff;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's Product, Services or the Platform are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

e. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin

18

consisting of or incorporating the mark TRUSTLAYER or any other mark that infringes or is likely to be confused with Plaintiff's TRUSTLAYER Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4.  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's Services or the Platform.

5.  Directing Defendants to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark TRUSTLAYER or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TRUSTLAYER Mark, and to direct all distributors, retailers, wholesalers, and

19

other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' Services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, packaging, labels, advertisements, signs, displays, and other materials featuring or bearing the mark TRUSTLAYER or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's TRUSTLAYER Mark, and to immediately remove them from public access and view.

6. Enjoining Defendants from (i) bidding on 'trustlayer' (exact, phrase, close variants); (ii) using 'TRUSTLAYER' in ad text, extensions, or metadata; and (iii) requiring negative keywords to prevent takeover of Plaintiff's brand terms; and ordering corrective advertising as appropriate.

7. Directing that Defendants recall and deliver up for destruction or other disposition all goods, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark TRUSTLAYER or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's TRUSTLAYER Mark.

8. Directing Defendants to formally abandon with prejudice any and all of its applications to register the mark TRUSTLAYER or any mark consisting of,

incorporating, or containing Plaintiff's TRUSTLAYER Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.  Directing Defendants to cancel with prejudice any and all of its registrations for the mark TRUSTLAYER or any mark consisting of, incorporating, or containing Plaintiff's TRUSTLAYER Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10. Directing, pursuant to Section 34(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12. Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham

Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13. Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

16. Awarding such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:        October 30, 2025

> */s/ Thomas H. Stanton*
> Thomas H. Stanton, Esq.
> FL Bar No. 127444
> OLDER LUNDY KOCH & MARTINO
> 1000 West Cass St.
> Tampa, FL 33606
> (813) 254-8998
> tstanton@olderlundylaw.com
> *Attorney for TRUSTLAYER, INC.*